IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN WILKINS, #B76693, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00471-SMY |
| | ) |
| JOHN BALDWIN, | ) |
| SALVADOR GODINEZ, | ) |
| MICHAEL RANDLE, | ) |
| ROBERT MUELLER, | ) |
| GLADYSE TAYLOR, | ) |
| RICHARD MAUTINO, and | ) |
| MATTHEW POGUE,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sean Wilkins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 claiming Defendants demonstrated deliberate indifference to his health and safety by serving juice drinks containing ingredients that could produce benzene as a byproduct. The case is now before the Court on Defendants' Motion for Summary Judgment (Doc. 63). For the following reasons, the Motion is **GRANTED**.

### Procedural Background

Defendants filed a joint motion for summary judgment on December 9, 2019. (Doc. 63). That same day, they filed a "Federal Rule of Civil Procedure 56 Notice" advising Plaintiff of

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names.

1

consequences of failing to respond to the motion. (Doc. 65). Plaintiff had 30 days to file a response. *See* SDIL-LR 7.1(c)(1).

On January 28, 2020, Plaintiff filed a motion requesting an extension of time to file a response to Defendants' motion on January 28, 2020 (Doc. 72), which the Court granted. (Doc. 73). The Court subsequently granted his second and third requests for additional time to file a response. (Docs. 75, 76, 78, 80). The Court then advised Plaintiff that an additional extension would not be granted absent extraordinary circumstances. (Docs. 76, 80). On July 20, 2020, more than 7 months after the motion for summary judgment was filed, Plaintiff filed another motion seeking an extension. (Doc. 82). The motion was denied for lack of good cause. (Doc. 83).[2]

## Factual Background

Plaintiff claims that juice drinks distributed to IDOC prisons by the Illinois Correctional Industry ("ICI") and served to inmates contain sodium benzoate, ascorbic acid, citric acid, and erythorbic acid, which when combined, can produce benzene, a known carcinogen that can cause cancer (Doc. 1). He alleges he consumed the allegedly contaminated juice drinks for several years during his confinement at Big Muddy River Correctional Center and Centralia Correctional Center (where he worked in the dietary departments), and as a result, experienced blood in his stool, chronic headaches, diarrhea, stomach irritation, and fatigue. He sought medical treatment at both prisons and was eventually diagnosed with colitis.

---

[2] The Court's Order denying Plaintiff's fourth motion for extension of time and the Order dismissing Unknown Party #2, *John/Jane Doe Wardens,* were returned as undeliverable. (Doc. 84). It appears Plaintiff has moved from Vienna Correctional Center and has not fulfilled his obligation to keep the Court and opposing parties informed of any change in his address. (*See* Doc. 10, p. 19).

2

Following the Court's review of the Complaint, Plaintiff is proceeded on the following claims:

Count 1: Eighth Amendment claim against Mautino and Pogue[3] for deliberate indifference to the present and future health risks to Plaintiff from consuming juice drinks that contain ingredients that may produce benzene;

Count 2: Eighth Amendment claim against Baldwin, Godinez, Taylor, and Randle for deliberate indifference to the present and future health risks to Plaintiff from consuming ICI-produced juice drinks that contain ingredients that may produce benzene; and

Count 3: Eighth Amendment claim against Mueller for deliberate indifference to the present and future health risks to Plaintiff from consuming ICI-produced juice drinks that contain ingredients that may produce benzene.

(Doc. 10).

## **Discussion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc*., 753 F.3d 676, 681-682 (7th Cir. 2014).[4]

---

[3] Unknown parties #1 and #3 were later identified by Plaintiff as ICI Officials Rich Mautino and Matthew Pogue. (Docs. 43, 44).

[4] Plaintiff failed to respond to the motion for summary judgment despite having more than seven months to do so. Pursuant to Rule 56, "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Thus, exercising its discretion to do so, the Court deems each of the material facts proffered by Defendants undisputed. *See e.g., Xavier v. Myers*, No. 19-cv-00788-JPG, 2020 WL 5095242, at *2 (S.D. Ill. Aug. 28, 2020)("The Court deems all material facts undisputed because Plaintiff failed to file a response to the pending motion for summary judgment by the original deadline (April 20, 2020) or extended (July 6, 2020) deadline.").

The Eighth Amendment prohibition on cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(citation omitted).  To succeed on a claim related to conditions of confinement, a plaintiff must first prove that the conditions at issue resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety.  *See Rhodes*, 452 U.S. at 347.  In other words, the Eighth Amendment "does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans."  *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001).

Assuming the plaintiff clears this hurdle, he or she must also satisfy the subjective component of an unconstitutional conditions of confinement claim by proving that a defendant acted with deliberate indifference to a substantial risk of serious harm to the inmate.  *See Farmer*, 511 U.S. at 837, 842.  A plaintiff satisfies the deliberate indifference standard by showing that a prison official acted, or failed to act, despite the official's knowledge of a substantial risk of serious harm from the alleged unconstitutional conditions.  *See Farmer*, 511 U.S. at 842; *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986).

Here, there is no evidence that Defendants knew of any potential hazard posed by serving juice to inmates, including Plaintiff.  Through declarations, Defendants Godinez, Randle, Taylor, and Baldwin state that they were not made aware of any potential issues with the juice produced by ICI or complaints made by Plaintiff.  (Docs. 64-2, 64-3, 68, 69).  Similarly, Defendants Mautino and Pogue, who work for ICI, state that they were never made aware of any complaints by Plaintiff about the juice or his health issues.  (Docs.64-5, 64-6). *See Owens v. Hinsley,* 635 F. 3d 950, 954 (7th Cir. 2011) ("a declaration under § 1746 is equivalent to an affidavit for purposes of summary judgment"); 28 U.S.C. § 1746.  And, during his deposition, Plaintiff acknowledged that he had no

4

evidence proving or suggesting that Defendants Baldwin, Godinez, Randle, Taylor, Mautino, or Pogue where aware of his health complaints. (Doc. 64-1, pp. 18, 19, 21, 22, 24).

Only Defendant Mueller, who was the warden at Centralia Correctional Center, knew that Plaintiff was suffering health issues and attributed his condition to the juice being served at the facility. His knowledge was through grievances Plaintiff filed on July 5, 2017 and July 17, 2017. (Doc. 1, p. 11-18; Doc. 64-4, p. 1). The grievances were investigated, and the grievance officer recommended that the grievances be denied because the food is purchased through IDOC contracts and regulated by the Food and Drug Administration ("FDA"). The grievance officer also found no evidence that the food served was harmful. Warden Mueller concurred with the grievance officer's findings and recommendations and denied the grievance. (Doc. 1, p. 13). There is no evidence that Warden Mueller was aware of any substantial risk of serious harm to Plaintiff's health caused by the juice being served and then failed to act. Accordingly, Defendants are entitled to summary judgment on each of Plaintiff's Eighth Amendment claims (Counts 1, 2, and 3).

## Conclusion

For the forgoing reasons, Defendants' Motion for Summary Judgment (Doc. 63) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** in favor of Defendants John Baldwin, Salvador Godinez, Michael Randle, Robert Mueller, Gladyse Taylor, Richard Mautino, and Matthew Pogue and against Plaintiff Sean Wilkins, and to close this case.

**IT IS SO ORDERED.**

**DATED: October 7, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

5